# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2257
Lower Tribunal No. 13F-05657
_____

**S.C.,**
Appellant,

vs.

**Agency for Persons with Disabilities,**
Appellee.

An Appeal from an Amended Final Order of the Agency for Persons with Disabilities.

University of Miami School of Law Children & Youth Clinic, and Kele Stewart, Esq., and Kristen Ferrer, Certified Legal Intern, University of Miami, School of Law, for appellant.

Tomea A. Sippio-Smith, Esq., for appellee.

Before LAGOA, LOGUE and SCALES, JJ.

PER CURIAM

S.C., an eleven-year old child, appeals from an administrative order[1] of the State of Florida Agency for Persons with Disabilities (the "Agency") denying S.C.'s application for a Developmental Disabilities Home and Community Based Medicare Waiver (the "Waiver"). The Agency found that S.C. is not eligible for services because S.C. does not have autism as it is defined in section 393.063(3), Florida Statutes (2013) and rule 65G-4.014 of the Florida Administrative Code.

We affirm.

## I.      S.C.'s Application for Eligibility.

Throughout his young life, S.C. has demonstrated symptoms that suggest to his grandparents that he suffers from autism. S.C. is currently in foster care, though he has lived with his grandparents in the past, and they still play a significant role in his upbringing. When S.C. was five-years old, a psychologist informally advised S.C.'s grandparents that S.C. should be evaluated for autism, and S.C.'s difficulties at school have suggested the same.

Subsequently, S.C. was evaluated three times for autism by three different licensed psychologists. The first evaluation, by Dr. Melissa Hale, pre-dated S.C.'s initial application to the Agency for services. Dr. Hale diagnosed S.C. with Pervasive Developmental Disorder – Not Otherwise Specified, a mild indication of

---

[1] The Agency issued an Amended Final Order on June 12, 2014, that adopted a hearing officer's Recommended Order, dated January 24, 2014. We have jurisdiction. Rule 9.030(b)(1)(C), Fla. R. App. P.

autism spectrum disorder. On January 18, 2013, on the basis of this diagnosis and other information presented in S.C.'s application, the Agency issued a denial, finding that S.C.'s application did not meet the Agency's eligibility requirements under section 393.063(3), Florida Statutes.

On May 8, 2013, S.C. was evaluated by the second of the three psychologists, Dr. Sandra Klein. She diagnosed S.C. with Autistic Disorder.[2] Dr. Klein used a different test from that used by Dr. Hale. The Agency's eligibility committee, faced with discrepancies between the Hale and Klein evaluations, referred S.C. to the third psychologist, Dr. Alejandro Arias, for an additional evaluation.

Dr. Arias diagnosed S.C. with an "adjustment disorder, unspecified." This diagnosis falls below the qualifications of autism spectrum disorder.

In the Agency's second administrative review, with all three evaluations in hand, the Agency again denied S.C.'s application for eligibility. On December 9, 2013, a hearing officer for the Department of Children and Family Services, Office of Appeal Hearings, conducted an administrative hearing. The hearing officer's

---

[2] Dr. Klein's main test, the ADR-1, a questionnaire that evaluates a child's developmental history, uses criteria from the Diagnostic and Statistical Manual IV (DSM-IV). As S.C. illustrates in his reply brief to this Court, the DSM-IV criteria substantially coincide with the criteria in rule 65G-4.014, the administrative rule that governs the Agency's determination of eligibility. The Agency alleges that Dr. Klein's written diagnosis and testimony are too general, failing to identify the criteria listed in rule 65G-4.014.

Recommended Order, subsequently adopted by the Agency as final, denied S.C.'s eligibility as well. Both the Agency's eligibility committee and the hearing officer determined that S.C. does not meet the eligibility criteria of the statute and rules.

## II.   **The Statute and Rules.**

The statutory provision that guides the Agency in the instant case reads as follows:

> (3) "Autism" means a pervasive, neurologically based developmental disability of extended duration which causes severe learning, communication, and behavior disorders with age of onset during infancy or childhood. Individuals with autism exhibit impairment in reciprocal social interaction, impairment in verbal and nonverbal communication and imaginative ability, and a markedly restricted repertoire of activities and interests.

§ 393.063(3), Fla. Stat. (2013).

Rule 65G-4.014, which expands on the statute's definition of autism, provides two subparts. The first subpart lists eight examples of "communications disorders." The second subpart lists four examples of "behavior disorders." The rule provides that "[a]utism is characterized by an individual evidencing at least six of the following twelve features from the following subparts 1 and 2, with at least one feature from subpart 2." Fla. Admin. Code R. 65G-4.014 (1)(e).

As in the statute, the rule employs the word "severe" to describe and set a benchmark for diagnosed communications and behavior disorders. § 393.063(3), R. 65G-4014(1)(e).

4

Other administrative rules are pertinent to the instant case. The applicant must have a "confirmed diagnosis" of autism to be eligible for Agency services. Fla. Admin. Code R. 65G-4.015(3). The Agency may obtain an additional evaluation if it is concerned that the applicant's information is "inaccurate, incorrect, or incomplete." Fla. Admin. Code R. 65G-4.016(3). The diagnosis of autism may be made only by certain qualified persons, including a "Florida-licensed psychologist." Fla. Admin. Code R. 65G-4.017(1)(b).

## III. Analysis.

In this appeal, S.C. alleges that the Agency's decision to deny him eligibility for the Waiver is: (1) erroneous in its interpretation of the governing statute and rules; and (2) not supported by competent substantial evidence.

S.C. appears to meet a definition for autism. Two of the three psychologists who evaluated him found a type of autism spectrum disorder. The Agency found, however, that S.C., even if he is to some degree autistic, does not meet the Agency's eligibility standard for services.

According to the Agency's interpretation of its own statute and rules, services accrue only to applicants whose symptoms of autism are severe. A state agency's interpretation of laws it is charged to enforce is entitled to great deference; and only if the state agency's interpretation is clearly erroneous will the agency sacrifice such judicial deference. Verizon Fla. Inc. v. Jacobs, 810 So. 2d

906, 908 (Fla. 2002); § 120.68(7)(d), Fla. Stat. (2013). Additionally, a state agency's findings of fact will not be disturbed on appeal unless such findings are not supported by competent substantial evidence. United States Blood Bank, Inc. v. Agency for Workforce Innovation, 85 So. 3d 1139 (Fla. 3d DCA 2012); §§ 120.68(7)(b), (10), Fla. Stat. (2013).

None of the three doctors diagnosed a severe form of autism. S.C. argues that severity may be inferred in the Klein diagnosis due to the relation among the ADR-1 test, the DSM-IV and rule 65G-4.014. But the absence of findings of specific criteria in the Klein diagnosis, combined with Dr. Klein's testimony that characteristic symptoms were not evident on the day of her observation of S.C., indicated to the Agency that S.C.'s autism is mild at best. The absence of facts that support a finding of severity is bolstered by the Hale and Arias diagnoses.

S.C. alleges that the hearing officer gave too much weight to the Arias diagnosis, to the exclusion of the other two diagnoses that found autism. The record indicates, however, that the hearing officer considered the three diagnoses in relation to each other. But see Webb v. Fla. Dep't of Children & Family Servs., 939 So. 2d 1182 (Fla. 4th DCA 2006) (finding that in a denial of disability, a hearing officer incorrectly relied on only one IQ score and discounted two others). The record also indicates that although S.C.'s grandmother testified to a panoply of symptoms indicating autism, from infancy onward, the hearing officer reasonably

6

could find that these symptoms had receded from any presumed severity by the time of application for the Waiver.

Therefore, the Agency's findings as adopted in its Amended Final Order are based on competent substantial evidence and may not be disturbed. United States Blood Bank, Inc., 85 So. 3d at 1142.

S.C. is entitled to all the benefits, support and solicitude the State of Florida may furnish to a child in his circumstances, except when eligibility is limited by law.

Affirmed.